UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELE ROSATI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br><br>　　　　　Defendant. | No.  2:21-cv-409<br><br>NOTICE OF REMOVAL |

TO: The Clerk, United States District Court
Western District of Washington at Seattle

**A.　Removal of State Court Action**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446, Defendant Amazon.com, Inc. ("Amazon" or the "Company"), hereby removes the above-captioned action (the "Action") from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington.  Amazon is the only Defendant in the Action.

**B.　Basis for Removal and Jurisdiction in Federal Court**

This action is removable under 28 U.S.C. § 1441(a) and (b) because the amount in controversy exceeds $75,000, complete diversity of citizenship exists between the Plaintiff and Defendant in the Action, and no citizen of the State of Washington has been "properly joined and

NOTICE OF REMOVAL
(No. 2:21-cv-409) – 1

LEGAL151963361.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

served as [a] defendant" in the Action. Amazon provides the following plain statement of the grounds for removal:

1. On March 19, 2021, Plaintiff Michele Rosati ("Plaintiff") filed the Action in the Superior Court of Washington for King County, where said action is now pending under the above-captioned title. A true and accurate copy of the Complaint filed in the Action is attached as Exhibit A.

2. The Action asserts a claim to inspect certain corporate books and records of Amazon, pursuant to title 8, section 220 of the Delaware General Corporate Code ("Section 220").

3. On information and belief, Plaintiff Rosati is a citizen of the State of New York. *See* Exhibit A (attached Power of Attorney and Oath of Michele Rosati).

4. Defendant Amazon is a Delaware corporation with its principal place of business in the State of Washington. It is therefore a citizen of Delaware and Washington. *See* 28 U.S.C.§ 1332(c).

5. Complete diversity therefore exists as to Plaintiff, on the one hand, and the Defendant, on the other.

6. The amount in controversy in this Action exceeds the sum or value of $75,000, exclusive of interest and costs. The Complaint, which asserts a claim to inspect corporate books and records of Amazon pursuant to Section 220, seeks as relief "[t]hat the Court summarily order Amazon to produce to Plaintiff and/or her designees the books and records as detailed [in the complaint] and in the Inspection Demand" Plaintiff previously sent to Amazon and "[t]hat the Court award Plaintiff her costs and expenses, including reasonable attorneys' fees, in connection with" the Action.  Under the "either viewpoint" rule applied in the Ninth Circuit in actions seeking declaratory or injunctive relief, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Corral* v. *Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (internal quotation marks omitted). Here, the

NOTICE OF REMOVAL
(No. 2:21-cv-409) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

LEGAL151963361.1

costs to Amazon of identifying, collecting, and producing the documents Plaintiff seeks will exceed $75,000.

7. As specified in Plaintiff's Inspection Demand and the Complaint, Plaintiff seeks an order compelling the production of documents in thirteen disparate categories dating back as far as 2009. These broad categories include, for example, documents "identify[ing] all Company internal control, policies, and procedures in place to ensure [that] Amazon's financial standing," "Amazon's compliance with privacy laws," and "Amazon's compliance with antitrust laws" are "adequately and timely reported to management and the Board." Plaintiff also seeks all "communications to or from the Board" of Amazon "concerning" eight generally described topics. It will cost Amazon more than $75,000 to (1) search for and collect documents potentially within the demanded categories, (2) review those documents to identify documents within the demanded categories and to ensure that Plaintiff does not receive confidential business or legally privileged information to which she is not entitled, the disclosure of which may harm Amazon and its stockholders, and (3) prepare documents within the demanded categories for production to Plaintiff.

8. This Court therefore has jurisdiction of this Action pursuant to 28 U.S.C. §1332, and this action therefore may be removed to this Court pursuant to 28 U.S.C. §1441(a), because there is complete diversity of citizenship between the parties and the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interests and costs.

9. Amazon, the only Defendant in the Action, has not been properly served in this Action. Plaintiff's counsel requested that Amazon accept service of the complaint, but Amazon has not done so. Amazon and its counsel have not received notice from the Company's registered agent or otherwise that service has been effected.

10. Therefore, no Defendant that is a citizen of Washington has been "properly joined and served" in the Action. 28 U.S.C. § 1441(b)(2). Accordingly, the Action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

NOTICE OF REMOVAL
(No. 2:21-cv-409) – 3

LEGAL151963361.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

11. Specifically, the "forum-defendant rule" found in 28 U.S.C. § 1441(b)(2), which is a procedural rule and not a jurisdictional one, is inapplicable. Every Court of Appeals to consider the meaning of "properly joined and served" under 28 U.S.C. § 1441(b)(2) has held that under the plain and unambiguous language of the statute, removal can be effectuated if a defendant seeks removal before any forum defendant is served. *See Texas Brine Co., L.L.C.* v. *Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) ("By its text . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Gibbons* v. *Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) (same); *Encompass Ins. Co.* v. *Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018) (same); *McCall* v. *Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (same). District courts within this circuit have agreed. *See Monfort* v. *Adomani, Inc.*, No. 18-CV-05211, 2019 WL 131842, at *4 (N.D. Cal. Jan. 8, 2019) ("By its plain language, 28 U.S.C. § 1441(b)(2) permits an in-state defendant who has not been joined *and served* to remove a case to federal court on the basis of diversity jurisdiction.") (emphasis in original); *Amato* v. *Holladay Bank and Trust*, No. CV-20-01013, 2020 WL 4814254, at *2 (D. Ariz. Aug. 18, 2020), ("At least four federal appellate courts, as well as courts within the Ninth Circuit, have concluded that Section 1441(b)(2) is inapplicable in this circumstance."); *Republic Western Ins. Co.* v. *International Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("Because [resident defendant] had not yet been served at the time [defendant] filed its removal petition, the language of § 1441(b) mandates the finding that this case was properly removed."); *Regal Stone Ltd.* v. *Longs Drug Stores Cal., LLC*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (courts in this district "hold that the clear and unambiguous language of the statue only prohibits removal after a properly joined forum defendant has been served"); *Global Industrial Investment Limited* v. *Chung*, No. 19-CV-07670, 2020 WL 2027374, at *4 (N.D. Cal. Apr. 28, 2020) (clarifying that this "holding applies regardless of whether there is a single defendant or multiple defendants").

NOTICE OF REMOVAL
(No. 2:21-cv-409) – 4

LEGAL151963361.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### C. Propriety of Removal

This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff elected to file the action initially in federal court. This Court is the United States District Court for the district and division embracing the place where the state court action is pending, and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

### D. Receipt of Initial Pleading and Timeliness of Removal

Defendant Amazon has not been served with Plaintiff's Summons and Complaint, but Amazon's counsel, Wachtell, Lipton, Rosen & Katz, received a courtesy copy from Plaintiff's counsel on March 22, 2021. This notice is filed within thirty (30) days of such receipt as required by 28 U.S.C. § 1446(b)(1).

### E. The State-Court Complaint and other Pleadings

Attached to this Notice is a true copy of the Complaint which Plaintiff filed in the action pending in state court. All other process, pleadings or orders filed in the state court in this Action will be filed, together with the verification of Defendant's counsel, within 14 days of the filing of this Notice, as required by Local Rules W.D. Wash. LCR 101(b).

### F. No Waiver and Reservation of Rights

Amazon has not filed any responsive pleading or motion in the Action. The time in which Amazon is required by the laws of the State of Washington to answer or otherwise move against the complaint has not commenced, let alone elapsed. By filing this Notice of Removal, Amazon does not waive any defense available to it including, but not limited to, any objections to service of process, personal jurisdiction or venue, and reserves all rights and waives none, including but not limited to the right to bring a motion to dismiss the claims in the Action under Rule 12 of the Federal Rules of Civil Procedure.

Amazon reserves the right to amend or supplement this Notice of Removal.

NOTICE OF REMOVAL
(No. 2:21-cv-409) – 5

LEGAL151963361.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Accordingly, Amazon respectfully requests that this Action proceed before this Court as an action properly removed from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington.

DATED: March 26, 2021

By: s/ Sean C. Knowles
Sean C. Knowles WSBA #39893

By: s/ Joseph E. Bringman
Joseph E. Bringman WSBA #15236

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  SKnowles@perkinscoie.com
        JBringman@perkinscoie.com

Attorneys for Defendant AMAZON.COM, INC.

NOTICE OF REMOVAL
(No. 2:21-cv-409) – 6

LEGAL151963361.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000